## J. L. CARLYLE V. THE STATE.

No. 16727.   Delivered June 6, 1934.
State's Rehearing Denied June 29, 1934.

The opinion states the case.

*Walsh & Fruechte,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is accomplice to arson; the punishment, confinement in the penitentiary for five years.

W. W. Stewart testified that appellant came to him and offered him the sum of fifty dollars to burn the house that appellant was occupying, and that he agreed to commit the offense; that appellant carried him to his home and acquainted him with the situation, and advised him that he would have a quantity of gasoline in the house; that thereafter, at a time when appellant was away on a fishing trip, he (the witness) went to the house, and using the gasoline that appellant furnished, set the house on fire; that appellant told him where he

would leave the key. and that he secured the key at that place. Without setting out the corroborating testimony, we express doubt as to its sufficiency.

Bill of exception No. 6 relates to the court's action in permitting the State to prove by W. W. Stewart, the accomplice witness, that he told his wife and son that appellant had offered him fifty dollars to burn his house. Bill of exception 19 shows that the court permitted the accomplice witness' wife to testify that he told her that appellant was to pay him fifty dollars to burn his house. Bill of exception No. 20 reflects the fact that the accomplice witness' son was permitted to testify that the witness stated to him that appellant had offered him fifty dollars to burn his home. All of these statements were made in the absence of appellant. They were objected to on the ground that they were hearsay. The bills of exception were qualified by the trial court to the effect that appellant, on cross-examination, had asked the accomplice witness if he had not testified that he did not tell certain named persons in Vernon, Texas, about the fire. We do not understand that this qualification relieves the bills of error. The witness did not live in the town of Vernon, but, on the contrary, lived about seven and one-half miles from Wichita Falls. The occasion mentioned in the qualification related to the failure of the witness, while in Vernon several weeks after the fire, to tell the officers about the fire. Appellant's counsel was not asking the witness as to whether he told his wife and son about the matter. The declarations introduced constituted simply a narration of the fact that a conspiracy had been entered into between the witness and appellant to burn the house. Under the decisions, the bills reflect error. See Galindo v. State, 65 S. W. (2d) 500.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

HAWKINS, JUDGE.—Counsel for the State have filed a motion for rehearing based partly on the claim that the bills upon which the reversal was predicated do not show error. The bills have been again examined and when taken in connection

with the evidence set out as part of the court's explanation we are of opinion the bills are sufficient.

The near approach of adjournment for the term precludes further discussion of the legal matters which were adverted to in our original opinion, but no doubt is entertained that the case was properly disposed of.

The State's motion for rehearing is overruled.

*Overruled.*